THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Michael David
 Coffey, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Lisa A. Webb a/k/a Lisa Strid, Respondent.
 
 
 
 
 

Appeal From Greenville County
 Honorable Rochelle Y. Conits, Family Court
Judge

Unpublished Opinion No.  2011-UP-024
 Submitted January 1, 2011  Filed January
25, 2011
Withdrawn, Substituted and Refiled March
1, 2011

AFFIRMED

 
 
 
 Michael D. Coffey, of Gray Court, pro se.
 James D. Calmes, III, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  Michael
 D. Coffey appeals the family court's denial of his motion to hold Lisa A. Webb in
 contempt.  On appeal Coffey argues (1) the family court erred in finding he
 failed to meet his burden of proof, (2) the family court abused its discretion
 in considering the guardian ad litem's report and testimony, and (3) the family
 court abused its discretion by requiring visitation with his two minor children
 to resume through a therapist.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether the family
 court erred by not finding Webb in contempt:  Rule 210(h), SCACR ("[T]he
 appellate court will not consider any fact which does not appear in the Record
 on Appeal.");  Harkins v. Greenville Cnty., 340 S.C. 606, 616, 533
 S.E.2d 886, 891 (2000) (affirming the trial court on a particular issue because
 the appellants failed to meet their burden of presenting the necessary
 information in the record on appeal to decide that issue).
2. As to whether the family
 court abused its discretion in considering the guardian ad litem's report and
 testimony:  High v. High,  389 S.C. 226, 239, 697 S.E.2d 690,
 696 (Ct. App. 2010) (holding determinations regarding the relevance of evidence are within the family court's discretion and "[a] family court's ruling on the admission or exclusion of evidence
 will only be reversed if it constitutes an abuse of discretion
 amounting to an error of law").
3. As to whether the family
 court abused its discretion by requiring visitation with his two minor children
 to resume through a therapist: Nash v. Byrd,  298 S.C. 530, 536,
 381 S.E.2d 913, 916 (Ct. App. 1989) ("The question of limiting
 visitation rights is a matter addressed to the broad discretion of the trial
 court. In the absence of a clear abuse of discretion, the trial court's order
 limiting visitation rights will not be disturbed on appeal.")  (citations
 omitted). 
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.